IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| MOMENTIVE GLOBAL INC., SUSAN L. | : SECURITIES EXCHANGE ACT OF 1934 |
| DECKER, DAVID EBERSMAN, DANA L. | : |
| EVAN, RYAN FINLEY, ERIKA H. JAMES, | : |
| ZANDER LURIE, SHERYL SANDBERG, | : |
| BENJAMIN C. SPERO, and BRAD SMITH, | : |
| SERENA WILLIAMS, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On October 28, 2021, Momentive Global Inc. ("Momentive" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Zendesk, Inc. ("Zendesk") and Milky Way Acquisition Corp. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Momentive's stockholders will receive 0.225 shares of Zendesk common stock per share.

3. On January 5, 2021, defendants filed a S-4 Registration Statement (the "Registration Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Registration Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Registration Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Momentive common stock. Plaintiff resides in this District.

9. Defendant Momentive is a Delaware corporation. Momentive's common stock is traded on the NASDAQ under the ticker symbol "MNTV."

10. Defendant David Ebersman is Chairman of the Board of Directors of Momentive (the "Board").

11. Defendant Susan L. Decker is a member of the Board.

12. Defendant Dana L. Evan is a member of the Board.

13. Defendant Ryan Finley is a member of the Board.

14. Defendant Erika H. James is a member of the Board.

15. Defendant Zander Lurie is Chief Executive Officer and a member of the Board.

16. Defendant Sheryl Sandberg is a member of the Board.

17. Defendant Benjamin C. Spero is a member of the Board.

18. Defendant Brad Smith is a member of the Board.

19. Defendant Serena Williams is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

21. Momentive is a leader in agile experience management, delivering powerful, purpose-built solutions that bring together the best parts of humanity and technology to redefine AI.

22. On October 28, 2021, Momentive's Board caused the Company to enter into the Merger Agreement.

23. The press release announcing the Proposed Merger provides as follows:

Zendesk (NYSE: ZEN) and Momentive (NASDAQ: MNTV) have entered into a definitive agreement under which Zendesk will acquire Momentive, including its iconic SurveyMonkey platform. The terms of the transaction provide for Momentive stockholders to receive 0.225 shares of Zendesk stock for each share of Momentive stock, a ratio which represents an implied value of approximately $28 per outstanding share of Momentive stock based on the 15-day volume weighted average price of Zendesk common stock up to and including October 26, 2021.

Zendesk expects the combination to be growth accretive in its first full operating year and accelerate Zendesk's revenue plan to $3.5 billion in 2024, one year ahead of its previous target. The companies' respective sizable customer bases and complementary capabilities are expected to provide significant opportunity for joint product adoption and increasing Momentive's enterprise traction. Zendesk will reinvest savings from scale efficiencies into compelling growth opportunities to support the combination. Upon the close of the transaction, Momentive CEO Zander Lurie will continue to lead Momentive's strong management team.

"The SurveyMonkey brand is iconic and we've admired their business from afar since the inception of Zendesk. They truly democratized an industry—almost

everyone in the world has responded to one of their surveys at some point," said Mikkel Svane, CEO & Founder, Zendesk. "We're very excited to have them join the Zendesk mission along with Momentive's market research and insights products and together create a powerful new Customer Intelligence company. We will deliver a rich, colorful picture of every customer so businesses really understand their customers and can build more authentic relationships."

"We look forward to combining with Zendesk to advance our mission and accelerate our long-term growth strategy," said Zander Lurie, CEO, Momentive. "This is a testament to the strength of our agile products and talented team. Zendesk and Momentive share a culture centered around our people, our communities and the customers we serve. The synergies between our companies are proximate and compelling. We are uniquely positioned to make Customer Intelligence a reality while delivering significant value for our shareholders."

**Acquisition to Create Powerful New Customer Intelligence Company**

In today's digital-first economy, it is imperative to build more meaningful relationships with customers. Meaning comes from a deep understanding of the customer and their experiences. Although businesses often have an endless supply of data, they lack actionable and personalized customer intelligence. Instead, businesses are left with a picture of the customer that is one dimensional, impersonal and incomplete.

Zendesk pioneered the ability to respond to what customers *say* and *do*, making it easier to deliver superior customer service. Momentive is a leader in capturing how customers *think* and *feel*, helping companies make critical decisions quickly and confidently.
With Momentive, Zendesk will create what businesses really need—a customer intelligence company that connects what customers say and do, with how they think and feel. The combination will give businesses the ability to:

**Listen to your customers**: Collect critical information about customer needs, experiences and expectations

**Develop a rich picture:** Bring a customer into focus by combining transactional data with market research and insights for the context to truly understand them

**Act on insights**: Empower teams to take action with the full breadth of data about their customers as well as feedback and market insights to improve customer interactions

**Transaction Terms**

Following a comprehensive review, the boards of directors of Zendesk and Momentive have approved the transaction.

The terms of the transaction provide for Momentive stockholders to receive 0.225 shares of Zendesk stock for each share of Momentive stock, a ratio which represents an implied value of approximately $28 per outstanding share of Momentive stock based on the 15-day volume weighted average price of Zendesk common stock up to and including October 26, 2021. Upon closing of the transaction, Zendesk stockholders will own approximately 78% of the combined company and Momentive stockholders will own approximately 22% of the combined company. The transaction, which is anticipated to close in the first half of 2022, is subject to approval by Zendesk stockholders and Momentive stockholders, the receipt of required regulatory approvals and other customary closing conditions. The transaction is intended to qualify as a tax-free reorganization for U.S. federal income tax purposes.

Zendesk has published a presentation to provide an overview of the transaction, available on both Zendesk and Momentive's investor relations websites. Additional details and information about the terms and conditions of the transaction will be available in Current Reports on Form 8-K to be filed by Zendesk and Momentive with the Securities and Exchange Commission.

**Quarterly Financial Results**

In separate press releases issued today, Zendesk announced financial results for the third quarter of 2021 and Momentive announced preliminary results for its third quarter of 2021. Momentive will issue a press release to share its full third quarter financial results on November 9, 2021. . . .

**Advisors**

Goldman Sachs & Co. LLC is serving as lead financial advisor and Centerview Partners LLC is also serving as financial advisor to Zendesk. Hogan Lovells US LLP is serving as legal counsel to Zendesk. Allen & Company LLC and J.P. Morgan Securities LLC are serving as equal lead financial advisors and Wilson Sonsini Goodrich & Rosati Professional Corporation is serving as legal counsel to Momentive.

24.     On January 5, 2021, defendants filed the Registration Statement, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

25.     The Registration Statement fails to disclose material information regarding Momentive's and Zendesk's financial projections, specifically: the line items underlying the financial projections.

Financial Analyses

26. The Registration Statement fails to disclose material information regarding the financial analyses conducted by Allen & Company LLC ("Allen & Company") and J.P. Morgan Securities LLC ("J.P. Morgan").

27. Regarding Allen & Company's Selected Public Companies Analyses, the Registration Statement fails to disclose the individual multiples for the companies observed by Allen & Company.

28. Regarding Allen & Company's Selected Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples for the transactions observed by Allen & Company.

29. Regarding Allen & Company's Discounted Cash Flow Analysis of Momentive, the Registration Statement fails to disclose: (i) the terminal values utilized by Allen & Company; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Allen & Company.

30. Regarding Allen & Company's Discounted Cash Flow Analysis of Zendesk, the Registration Statement fails to disclose: (i) the terminal values utilized by Allen & Company; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Allen & Company.

31. Regarding Allen & Company's price targets analyses, the Registration Statement fails to disclose: (i) the price targets utilized by Allen & Company; and (ii) the sources of the price targets.

32. Regarding J.P. Morgan's Public Trading Multiples Analyses, the Registration Statement fails to disclose the individual multiples for the companies observed by J.P. Morgan.

33. Regarding J.P. Morgan Discounted Cash Flow Analysis of Momentive, the Registration Statement fails to disclose: (i) the terminal values utilized by J.P. Morgan; (ii) the inputs and assumptions underlying the discount rates and terminal growth rates utilized by J.P. Morgan; and (iii) the fully diluted shares outstanding utilized by J.P. Morgan.

34. Regarding J.P. Morgan Discounted Cash Flow Analysis of Zendesk, the Registration Statement fails to disclose: (i) the terminal values utilized by J.P. Morgan; (ii) the inputs and assumptions underlying the discount rates and terminal growth rates utilized by J.P. Morgan; and (iii) the fully diluted shares outstanding utilized by J.P. Morgan.

35. Regarding J.P. Morgan's Discounted Equity Research Analyst Price Targets analyses, the Registration Statement fails to disclose: (i) the price targets utilized by J.P. Morgan; and (ii) the sources of the price targets.

<u>Banker Engagement</u>

36. The Registration Statement fails to disclose the timing and details of the prior services J.P. Morgan provided to Momentive, Zendesk, and their affiliates.

### COUNT I

**Claim Against the Individual Defendants and Momentive for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

37. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

38. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

39. Momentive is liable as the issuer of these statements.

40. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

41. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

43. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

44. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Merger.

45. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

46. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

47. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Momentive within the meaning of Section 20(a) of the Exchange Act as alleged herein.

49. Due to their positions as officers and/or directors of Momentive and participation

8

in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

52. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Registration Statement.

53. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

54. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

55. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

56. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: January 6, 2022          **GRABAR LAW OFFICE**

By: _/s/ Joshua H. Grabar_
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*